UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWANDA BUTLER                                         CIVIL ACTION

VERSUS                                                  NO. 14-1569

SMUCKER FOODSERVICE, INC., ET AL.                       SECTION A(4)


<u>**ORDER AND REASONS**</u>

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 59)** filed by Third-Party

Defendant Arch Insurance Company. The motion, set for submission on December 2, 2015, is before

the Court on the briefs without oral argument. This matter is set to be tried to a jury on February 29,

2016. For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      Background**

Plaintiff Shawanda Butler worked for XLC Services, Inc. ("XLC"), which supplied labor to

Folger Coffee Company ("Folger"). (Rec. Doc. 24). Butler alleges that on July 19, 2013, while working

at the Folger coffee plant in New Orleans, she was struck by a forklift. Her complaint identified the

operator of the forklift, fictitiously, as Jane Doe, who worked for Folger. Butler's complaint seeks to

recover under a theory of vicarious liability, asserting that Jane Doe was in the course and scope of her

employment with Smucker Foodservice Inc. ("Smucker") and/or Folger. (Rec. Doc. 8). The complaint

further alleges that Smucker and Folger were negligent in failing to properly supervise their employees

and failing to provide a reasonably safe working environment.

Folger and Smucker then filed a third-party complaint against Arch, seeking defense and

indemnity from Arch for Butler's claims. (Rec. Doc. 24). Third-Party Plaintiffs allege that at the time

of the incident, Third-Party Defendant Arch Insurance Company ("Arch") insured XLC. They allege

that they are "additional insureds" under Arch's policy and that they are insured for the liability alleged

1

against them in Plaintiff's suit for damages. They further allege that Arch had a duty to defend them against Butler's suit.

In Arch's answer to the third-party complaint, Arch asserted that the policy issued to XLC does not provide coverage to Folger or Smucker for the allegations of liability in the underlying suit. (Rec. Doc. 32). Arch claims that the terms of the policy provide coverage for liability for bodily injury or property damage caused in whole or in part by XLC's acts or omissions, and Arch claims that Butler's injury was not caused by XLC's acts or omissions.

Folger and Smucker then filed an amended third-party complaint, alleging the comparative fault of Butler and the vicarious liability of XLC. (Rec. Doc. 43). Arch answered, denying that Folger and Smucker are insured under Arch's policy for the allegations of liability by Butler. Arch also denied that XLC has any direct, independent liability for the damages alleged in the main demand and denied that XLC has any vicarious liability for any comparative fault of Butler, an employee of XLC.

Folger and Smucker then filed a supplemental and amended answer to Plaintiff's complaint, asserting the affirmative defenses of the comparative fault of Plaintiff and XLC. (Rec. Doc. 42). Folger and Smucker alleged that XLC is directly at fault for its inadequate training of Butler and vicariously liable for the comparative fault of Butler.

## II.     Analysis

In the present motion, Arch explains that an agreement between Folger and XLC required XLC to obtain insurance naming Folger as an additional insured in connection with activities "contemplated by the scope of the Agreement." (Rec. Doc. 59-2, at 5). Arch asserts that the policy names Folger as an additional insured only with respect to liability for bodily injury or property damage caused in whole or in part by XLC's acts or omissions or the acts or omissions of XLC's subcontractor. Arch argues that Folger is not an additional insured here because "there is no basis to find that XLC caused loss or damage to Plaintiff, in whole or in part, by its acts or omissions." (Rec. Doc. 59-2, at 11). Arch further asserts that Folger conducted no discovery directed to XLC's fault.

2

*Summary Judgment Standard*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

*Third-Party Plaintiffs as "Additional Insureds"*

The parties dispute whether Ohio or Louisiana law should apply. The Court finds that under the law of either jurisdiction, summary judgment is precluded due to an issue of fact on whether Third-Party Plaintiffs are covered by Arch's policy. Both Louisiana and Ohio jurisdictions interpret insurance policies in favor of the insured and against the insurer. *See Broadmoor Anderson v. National Union Fire Ins. Co. of La.*, 912 So.2d 400, 404 (La. App. 2d Cir. 2005) ("If an ambiguity remains after applying the general rules of contract interpretation to an insurance contract, the ambiguous contractual provision is interpreted against the insurer who furnished the contract's text and in favor of the insured."); *Great American Assur. Co. v. AES Promotions, L.L.C.*, 2011 WL 3863328, *6 (Ohio App. 5th Dist. Sept. 1, 2011) ("If a provision of a contract of insurance is reasonably susceptible to more

than one interpretation, its provisions will be construed strictly against the insurer and liberally in favor of the insured.").

The language at issue here is as follows, with the words "you" and "your" referring to the "Named Insured," which is XLC:

> **SECTION II – WHO IS AN INSURED** is amended to include as an additional insured those persons or organizations who are required under a written contract with you to be named as an additional insured, but only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of your subcontractors: (C) In the performance of your ongoing operations or "your work", including "your work" that has been completed; or (D) In connection with your premises owned by or rented to you.

Arch does not dispute that XLC had a written contract with Folger to name Folger as an additional insured, bringing Folger within the purview of this provision. Arch asserts, however, that there is no written agreement between Smucker and XLC, requiring XLC to name Smucker as an additional insured. For this reason, Arch seeks summary judgment dismissing Smucker's demand against Arch. As Arch's opposition does not address this issue, the Court considers this assertion unopposed and grants summary judgment as to Smucker.

As to Folger, the Court finds this language ambiguous and susceptible to more than one interpretation, which requires the Court to interpret it against the insurer, Arch, at this juncture. The Court finds that XLC could have caused Butler's injury, in whole or in part, through the acts or omissions of its employee, Butler, considering assertions by Third-Party Plaintiffs that Butler walked into the path of a forklift sounding its horn. Additionally, Third-Party Plaintiffs have alleged lack of training, which, if proven, is an act or omission by XLC that could have caused, in whole or in part, Butler's injury. The Court disagrees with Arch's argument that there is no dispute regarding the quality of training XLC provided to Butler. Third-Party Plaintiffs assert that the Folgers policy, known to XLC, is that forklifts have the right-of-way. Third-Party Plaintiffs further assert that Plaintiff walked behind the forklift even though the forklift operator sounded her horn. Butler also testified that she

4

does not remember her manager talking about forklifts during training. In light of these assertions, the Court finds that there is an issue of fact regarding whether XLC caused Butler's injury, in whole or in part. This means there is an issue of fact regarding whether Folger is covered by Arch's policy, rendering summary judgment on this issue inappropriate.

Accordingly;

**IT IS ORDERED** that **Motion for Partial Summary Judgment (Rec. Doc. 59)** is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** insofar as it dismisses the demand made by Third-Party Plaintiff Smucker. It is **DENIED** insofar as the Court finds an issue of fact on whether Third-Party Plaintiff Folger is covered by Arch's insurance policy;

**IT IS FURTHER ORDERED** that the parties should contact Magistrate Judge Roby immediately to schedule a settlement conference to occur no later than February 19, 2016.

January 25, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE